1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Danny Gabriel Velasco,                    No. CV-15-01389-PHX-NVW (BSB)
                                                  CR-08-00668-PHX-NVW
10                       Movant/Defendant,
                                              **REPORT AND
11  v.                                        RECOMMENDATION**

12  United States of America,

13                       Respondent/Plaintiff.

14

15          Movant/Defendant Danny Gabriel Velasco (Movant) has filed a Motion to Vacate,

16  Set Aside, or Correct Sentence by a person in Federal Custody, pursuant to 28 U.S.C.

17  § 2255.  (Doc. 1.)[1]  Respondent/Plaintiff, the United States of America (the government),

18  has filed a response asserting that the § 2255 Motion should be denied.   (Doc. 4.)

19  Movant has filed a reply in support of his Motion.  (Doc. 5.)  For the reasons below, the

20  Court recommends that the Motion be denied.

21  **I.      Factual and Procedural Background**

22          **A.      Charges, Plea, and Sentencing**

23          On June 28, 2008, Movant was indicted in Case No. CR-08-00668-PHX-NVW on

24  one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1),

25  ――――――――――――

26          [1]   Citations to "Doc." are to the docket in CV-15-01389-PHX-NVW (BSB).
    Citations to "CR Doc." are to the docket in the underlying criminal case, CR-08-00668-
27  PHX-NVW. The criminal case was originally assigned to the Honorable Mary H.
    Murguia, but was reassigned to the Honorable Neil V. Wake after Judge Murguia was
28  appointed to the Ninth Circuit Court of Appeals. (CR Doc. 71.)

924(a)(2), and 924(e) (Count One). (CR Doc. 1.)   The indictment also included a forfeiture allegation. (*Id.*)  Pursuant to a plea agreement, in early 2010, Movant pleaded guilty to violating 18 U.S.C. §§ 922(g)(1) and 924(e).  (CR Docs. 63, 66.)   The plea agreement provided that a violation of 18 U.S.C. §§ 922(g)(1) and 924(e) was punishable by a maximum fine of $250,000, a mandatory minimum term of fifteen years' imprisonment with a maximum term of life, or both a fine and a term of imprisonment, and up to five years' supervised release.  (CR Doc. 66 at 1.)   The plea agreement stipulated that Movant would be sentenced to 180 months' imprisonment.  (*Id.* at 2.)  In addition, the government agreed not to prosecute Movant for any offense "in connection with violations of 18 U.S.C. § 922(g)(1) in this case." (*Id.*)

The plea agreement set forth a factual basis to establish the charge of felon in possession of a firearm, which stated that Movant had been previously convicted of crimes that were punishable by terms of imprisonment in excess of one year. (*Id.* at 4-5.) The plea agreement listed those convictions as (1) armed robbery in Maricopa County Superior Court Case No. CR87-08898, on or about January 14, 1988, (2) robbery in Maricopa County Superior Court Case No. CR94-005859, on or about October 27, 1994, and (3) bank robbery (2 counts) in the United States District Court, District of Arizona, Case No. CR-05-00228-PHX-MHM, on or about August 30, 2005. (*Id.*)

Before sentencing, the United States Probation Office issued a Presentence Investigation Report (PSR) recommending a sentence of 180 months' imprisonment, to be followed by five years' supervised release.[2]  (PSR at 24-25.)   The recommended sentence was the minimum sentence required under 18 U.S.C. § 922(g).  (PSR at 20.)  It was based on a total offense level of 30, a criminal history category V, and consideration of U.S.S.G. § 5G1.1(c)(2) and 18 U.S.C. § 922(g). (*Id.* at 4, 7.)  Based on the convictions admitted in the plea agreement, the PSR identified Movant as an armed career criminal within the meaning of U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e).  (*Id.* at 5.)

---

[2]  The PSR is not filed in docket of the criminal or civil case, but is retained after sentencing by the United States Probation Office.  The Court reviewed a copy of the PSR that it obtained from the Probation Office.

On April 21, 2010, the Court conducted a sentencing hearing.  (CR Doc. 78.)  At the beginning of the hearing, the Court confirmed that Movant had reviewed the PSR with counsel and that he did not have any objections to the PSR.  (*Id.* at 3-4.)  The Court stated that it had also reviewed the PSR.  (*Id.* at 4.)  During the sentencing hearing, the Court noted that the recommended sentence of 180 months' imprisonment was the mandatory minimum term.  (CR Doc. 78 at 5.)  The Court then reviewed the United States Sentencing Guidelines calculations.  (*Id.*)  The Court stated that Movant pled guilty to felon in possession of a firearm, "which ordinarily might have a base offense level of 24."  (*Id.*)  However, the Court noted that the base level was increased in Movant's case because he had "prior felony offenses for armed robbery back in '87, it looks like, a robbery back in '94, and then a bank robbery in '05."  (*Id.*)  The Court stated that these felony convictions were for crimes of violence.  (CR Doc. 78 at 14, 16.)  The Court concluded that Movant was an armed career criminal and that his base offense level was 33.  (*Id.* at 5-6.)  At the conclusion of the hearing, the Court sentenced Movant to 180 months' imprisonment, to be followed by five years' supervised release. (CR Docs. 65, 78.)

**B.     § 2255 Motion**

Over five years later, on July 17, 2015, Movant filed the pending § 2255 Motion in which he argues that he is entitled to relief based on the recent Supreme Court decision in *Johnson v. United States*, ___ U.S.___, 135 S. Ct. 2551 (2015).  (Doc. 1.)  The parties agree that Movant timely presents his claim in the § 2255 Motion.  (Doc. 1; Doc. 4 at 2.) Therefore, the Court assumes that the § 2255 Motion is timely.[3]  However, as set forth below, the Court finds that Movant is not entitled to § 2255 relief and, therefore, recommends that the Motion be denied.

---

[3]  The parties agree that the § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) because it asserts a single claim based on the Supreme Court's recent decision in *Johnson*.  (Doc. 1 at 9; Doc. 4 at 2.)  However, the retroactive application of *Johnson* is an open question in the Ninth Circuit.  *See* Section II n.4.  Therefore, the Court has doubt as to whether the Motion is timely, but need not resolve this issue because the government does not contest the timeliness of the § 2255 Motion.  (Doc. 4 at 2.)

## II.     The Armed Career Criminal Act

Movant argues that under the Supreme Court's recent holding in *Johnson*, his September 30, 2007 conviction for a violation of 18 U.S.C. § 922(g), which was used to enhance his sentence, does not qualify as a violent felony under the Armed Career Criminal Act (ACCA).  (Doc. 1 at 11.)  Pursuant to the ACCA, a defendant with three prior convictions for violent felonies or serious drug offenses faces a mandatory minimum sentence of fifteen years' imprisonment.  18 U.S.C. § 924(e).  The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  This is referred to as the "elements clause."

If a prior crime does not include an element of force, it may still be a violent felony if its elements match the elements of the ACCA list of "generic" crimes, which includes burglary, arson, extortion, or crimes involving explosives.  *See* 18 U.S.C. § 924(e)(2)(B)(ii).  "To determine whether a past conviction is for one of those crimes, courts use what has become known as the 'categorical approach.'  They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime — i.e., the offense as commonly understood."  *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013).  If the prior convictions do not qualify under the categorical approach, the court determines whether the prior crime "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  This is known as the ACCA's "residual clause."  *Johnson*, 135 S. Ct. at 2556.

The Supreme Court recently held that the ACCA's "residual clause" is unconstitutionally vague.  *See Johnson,* 135 S. Ct. at 2557-58.  The Supreme Court, however, did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definitions of a violent felony."  *Id*. at 2563.  Movant argues that *Johnson* applies retroactively to his claim asserted in his § 2255

- 4 -

motion that his sentence was improperly enhanced under the ACCA.  (Doc. 1 at 11.)  The government argues that *Johnson* does not apply to this claim because Movant's sentence was enhanced under the ACCA based on prior convictions that were defined as violent felonies under the "elements clause," not the "residual clause."  (Doc. 4 at 4-5.)  As discussed below, the Court agrees with the government and resolves this matter without determining whether *Johnson* applies retroactively.[4]

## III.   Movant's Sentence does not Implicate the *Johnson* Decision

As the government argues, the Court relied on the following convictions to determine that Movant was an armed career criminal for sentencing purposes:  (1) armed robbery, Maricopa County Superior Court Case No. CR87-08898, on January 14, 1998, (2) robbery, Maricopa County Superior Court Case No. CR94-05859, on or about October 27, 1994, (3) bank robbery (two counts), United States District Court, District of Arizona, Case No. 05-00228-PHX-MHM, on August 30, 2005.  (CR Doc. 78 at 5, 14, 16; PSR at 5, 8-9.)  Movant admitted these convictions.  (CR Doc. 66 at 4-5; PSR at ¶¶ 25, 40-43; CR Doc. 78 at 3-4, 5-6.)  Contrary to Movant's assertion, the Court did not consider Movant's September 30, 2007 conviction for a violation of 18 U.S.C. 922(g).[5] (Doc. 1 at 11.)

In his § 2255 Motion, Movant concedes that his prior convictions in Maricopa County Superior Court Case Nos. CR87-08898 and CR94-05859 are violent felonies

---

[4] Courts that have addressed whether *Johnson* applies retroactively have reached different conclusions.  *See Price v. United States*, 795 F.3d 731 (7th Cir. 2015) (*Johnson* decision regarding imposition of enhanced sentence under residual clause of ACCA announced new rule of constitutional law and is thus categorically retroactive to cases on collateral review); *but see In re Rivero*, 2015 WL 4747749, at *2 (11th Cir. Aug. 12, 2015) (concluding that while *Johnson* announced a new rule of constitutional law, the rule is not retroactive to career offender challenges on collateral review); *In re Gieswein*, 2015 WL 5534388, at *5 (10th Cir. Sept. 21, 2015) (concluding that *Johnson* announced a new rule of constitutional law, but denying an application to file a second or successive § 2255 motion because the Supreme Court has not made that rule retroactive to cases on collateral review).  The Ninth Circuit has not addressed the issue of retroactivity of *Johnson*.

[5] Movant also identifies that conviction as a "2010 conviction for the mere possession of a firearm, 922(g)(1)."  (Doc. 1 at 11.)  The Court did not rely on a 2010 conviction for a violation of § 922(g)(1) in determining Movant's sentence.  (CR Doc. 78 at 5, 14, 16; PSR at 5, 8-9.)

under 18 U.S.C. § 924(e).   (Doc. 1 at 11.)   The Court agrees that Movant's felony convictions for armed robbery in violation of Ariz. Rev. Stat. § 13-1904 (CR87-08898) and for robbery in violation of Ariz. Rev. Stat. § 13-1902 (CR94-05859) are violent felony convictions within the meaning of the ACCA.   *See United States v. Brice*, 593 Fed. App'x 709, 711 (9th Cir. 2015) (felony convictions for armed robbery in violation of Ariz. Rev. Stat. §§ 13-1902 and 13-904 qualify as violent felony convictions for purposes of the ACCA).

In his Reply, however, Movant for the first time argues that his robbery convictions in Maricopa County Superior Court Case Nos. CR87-08898 and CR94-05859 are not violent felonies under the "elements clause" of the ACCA.   (Doc. 5 at 1.) Plaintiff explains that he was convicted in each Maricopa County case pursuant to a plea agreement that stipulated that the offenses were "non-dangerous."   (*Id.*)   Movant did not file copies of those plea agreements.[6]   Even if this claim were properly asserted in a Reply, it is time-barred because Movant presented it in a § 2255 motion that was filed more than one year after his conviction in CR-08-00668-PHX-NVW became final.[7]

The third conviction that the Court relied on to determine that Movant was an armed career criminal was his 2005 conviction for two counts of bank robbery in District of Arizona, Case No. CR05-00228-PHX-MHM.   Movant does not challenge the Court's

---

[6]   Because Movant raises this argument for the first time in his Reply, the Court need not consider it.   *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (stating that the district court need not consider arguments raised for the first time in a reply brief.))

[7]   *See* 28 U.S.C. § 2255(f)(1) (stating the one-year limitation period for filing a § 2255 motion commences on "the date on which the judgment of conviction becomes final".)   Movant was sentenced on April 21, 2010.   (CR Doc. 78.)   Because Movant did not file a direct appeal, his conviction became final on May 5, 2010, upon the expiration of time for seeking direct review.   Thus, his claim that the sentencing Court improperly considered his Maricopa County robbery convictions to be violent felony convictions under the ACCA's "elements clause" is untimely.   Furthermore, *Johnson* did not announce a new rule of constitutional law that applies to the ACCA's "elements clause." Therefore, § 2255(f)(3) does not apply to Petitioner's claim that his Maricopa County robbery convictions do not constitute violent felonies under the ACCA's elements clause.

consideration on this conviction.[8]  (Doc. 1 at 11.)  Moreover, Movant's conviction for two counts of bank robbery in violation 18 U.S.C. § 2113(a) constitutes a violent felony under the ACCA's "elements clause," 18 U.S.C. § 924(e)(2)(B)(i).  *See United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (a conviction for robbing a bank "by force and violence, or by intimidation," under 18 U.S.C. § 2113(a) is a crime of violence for purposes of sentence enhancement as a career criminal under § 4B1.1).

Finally, Movant, argues that his 2007 conviction for a violation § 922(g) cannot be considered a violent felony under the Supreme Court's decision in *Johnson*.   (*Id.*) However, as previously noted, the Court did not rely a 2007 conviction for a violation of § 922(g) to determine that Movant was an armed career criminal under the ACCA. Accordingly, the Court does not need to resolve this issue.

## IV.  Conclusion

The Court properly sentenced Movant as an armed career criminal under 18 U.S.C. § 924(e)(1) because Movant had three prior violent felony convictions under the ACCA's "elements clause," 18 U.S.C. § 924(e)(2)(B)(i), before his conviction for felon in possession of a firearm in CR08-00688-PHX-NVW.   *See* 18 U.S.C. § 924(e). Contrary to Movant's assertion, the Court did not enhance his sentence by applying the "residual clause" to any of his prior convictions.  *See Johnson*, 135 S. Ct. at 2563. Accordingly, even assuming *Johnson* applies retroactively on collaterally review — an issue the Court does not resolve — Movant is not entitled to relief.

Accordingly,

---

[8]  In his Reply, Movant argues for the first time that the "federal bank robbery counts in 2005" were improperly counted as two convictions.  (Doc. 5.)  To support his argument, Movant cites the government's statement in its Response that Movant had committed "four violent felony crimes."  (Doc. 5 (citing Doc. 4 at 4).)  To the extent that Movant raises a new claim in his Reply, the Court need not consider that claim.  *See Zamani,* 491 F.3d at 997.

Moreover, contrary to Movant's assertion, the author of the PSR and the sentencing Court considered the 2005 bank robbery counts as a single conviction.  (PSR at  43; CR Doc. 78 at 5.)  Additionally, the government's response to the § 2255 motion states that Movant was subject to an enhanced sentence under the ACCA because he had "three prior 'violent felony' convictions prior to his U.S.C. § 922(g) violation."  (Doc. 4 at 4.)

**IT IS RECOMMENDED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The parties shall have fourteen days within which to file responses to any objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 23rd day of October, 2015.


_____
Bridget S. Bade
United States Magistrate Judge